EXHIBIT B
PLAINTIFF'S ORIGINAL PETITION FILED  IN
DISTRICT  COURT  ON JANUARY  5, 2021



CAUSE NO. 21C0005-102    2021 JAN -5 PM 1:57

| | | |
|---|---|---|
| Stacy Dionne Stenson, | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| v. | § | BOWIE COUNTY, TEXAS |
| | § | |
| DOLLAR GENERAL CORP. | § | |
| DOLGEN CORP OF TEXAS, INC. | § | |
| d/b/a DOLGEN CORP TEXAS INC. #14492 | § | |
| d/b/a Dollar General, and | § | |
| ARC DGTXRT001 LLC | § | |
| *Defendants* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

### TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW**, STACY D. STENSON, Plaintiff, and files this Original Petition and Request for Disclosure, complaining of and against Defendants, DOLLAR GENERAL CORPORATION, DOLGEN CORP OF TEXAS, INC. d/b/a DOLGEN CORP TEXAS INC. #14492 d/b/a Dollar General, and ARC DGTXRT001 LLC, and for cause of action would respectfully show this Honorable Court as follows:

### I.   DISCOVERY CONTROL PLAN

1.      Discovery is intended to be conducted under Level 3 of Texas Rule of Civil Procedure 190. Plaintiffs affirmatively plead they seek monetary relief over $200,000 but not more than $1,000,000.00.

### II.   PARTIES

2.      Plaintiff, STACY D. STENSON, is a resident and citizen of Bowie County, Texas.

3.      Defendant DOLLAR GENERAL CORPORATION is a Tennessee corporation that conducts business in the State of Texas directly or through wholly-owned subsidiaries operating

---

PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE                                     1

stores under the Dollar General name and may be served with process by serving its registered agent Corporation Service Company, 2908 Poston Ave, Nashville, Tennessee 37203-1312.

4.      Defendant DOLGEN CORP OF TEXAS, INC. d/b/a DOLGEN CORP TEXAS INC. #14492 d/b/a Dollar General, is a foreign entity doing substantial commercial business in the State of Texas, including at 2218 S Lake Dr., Texarkana, Texas, and may be served with process by serving its registered agent Corporation Services Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

5.      Defendant ARC DGTXRT001 LLC is a foreign entity doing substantial commercial business in the State of Texas, including at 2218 S Lake Dr., Texarkana, Texas, and may be served with process by serving its registered agent CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.

### III.    CIVIL PRACTICE & REMEDIES CODE COMPLIANCE

6.      Pursuant to §30.014(1) of the Texas Civil Practice & Remedies Code, the last three numbers of Plaintiff's Texas driver license are 536.

7.      Pursuant to §30.014(a)(2) the last three numbers of Plaintiff's social security number are 904.

### IV.    JURISDICTION & VENUE

8.      The Court has jurisdiction over Defendants because Defendants are businesses authorized to and actually conduct significant business in the State of Texas.  The Court has jurisdiction over the controversy because Plaintiff was injured and seeks damages in excess of the minimal jurisdictional limits of this Court.

9.      Venue for this action is proper in this Court pursuant to TEX. CIV. PRAC. & REM.

CODE §15.002 (a)(2) because all or a substantial part of the events giving rise to this suit occurred in Bowie County, Texas and because the real property at issue is located in Bowie County, Texas.

## V.    VICARIOUS LIABILITY

9.      Each Defendant is accused of directly or indirectly being the occupier, owner, controlling party, or operating party of the real property located at 2218 S. Lake Drive, Texarkana, Texas, which is operated under the Dollar General name. Accordingly, the following allegations are made against each defendant individually and in combination, and the defendants are referred to collectively throughout as the Defendants.

10.     Defendants are also accused of collectively owning real property and operating stores throughout the State of Texas and particularly at 2218 S. Lake Dr., Tyler, Texas, through a series of wholly owned subsidiaries. These entities are used as a mere tool or conduit of the ultimate parent company, Dollar General Corporation, with such unity that any separateness had ceased. Thus, all defendants are vicariously liable for the conduct of the actual owner or occupier of the real property operated under the name Dollar General at 2218 S. Lake Dr., Tyler, Texas.

## VI.    FACTS

11.     Defendants operate a general merchandise store at 2218 S. Lake Drive, Texarkana, Texas. On or about September 2, 2019, Plaintiff arrived at Defendants' location with the intention of purchasing a few items. As Plaintiff headed toward the entrance to Defendants' store, she was walking along the sidewalk in front of the Dollar General store. Suddenly and unexpectedly, another patron's car accelerated, jumped the sidewalk, and lunged toward Plaintiff. The car which struck Plaintiff was a 2014 Toyota Avalon.

12.     Because the parking spaces lacked wheel-stops, the car was able jump the curb,

knock Plaintiff to the ground, drag her along the sidewalk, and pin her to the ground in front of the Dollar General store.

13. As a result, Plaintiff suffered serious, debilitating injuries and incurred substantial medical care.

## VII. PREMISES LIABILITY

14. Plaintiff was an "invitee" in that she entered upon the premises of Defendants by express or implied invitation of Defendants and Plaintiff was on the premises as a member of the public for the purpose for which the premises are held open to the public. Defendants operate a store that is open to the public for the purpose of purchasing merchandise from Defendants.

15. Defendants' store was laid out in such a way that required patrons such as Plaintiff to walk along a sidewalk immediately in front of parking spaces—yet Defendants' failed to include wheel-stops in those parking spaces. As such, the only thing separating store patrons such as Plaintiff from the dangers posed by approaching vehicles was a small concrete step that formed the edge of the sidewalk. Defendants knew or should have been aware of the hazards posed by having store patrons such as Plaintiff walk in front of parking spaces where malfunctioning brakes, speeding vehicles, and/or operator error could cause those vehicles to launch themselves over the small step and at passing pedestrians such as Plaintiff.

16. Unbeknownst to patrons such as Plaintiff, Defendants failed to install wheel-stops at the end of the parking spaces between parking cars and the sidewalk. Such failure meant that Defendants' sidewalk-parking space intersection posed an unreasonable risk of harm to patrons such as Plaintiff. Inclusion of wheel stops or other protections for pedestrians would have made the sidewalk safe for its intended purpose of pedestrian ingress and egress.

17. Defendants' failed to exercise ordinary care to protect Plaintiff by failing to

adequately warn Plaintiff of the dangers associated with parking cars and failing to make the parking spaces reasonably safe. Despite Defendants' knowledge of the dangers posed by parking cars, Defendants failed post any signage warning patrons that the only thing protecting them from cars was a small concrete step, and Defendants failed to install wheel-stops that would protect patrons such Plaintiff.

18.     Defendants failure to warn of or correct the danger was a proximate cause of Plaintiff's injuries and damages.

## VIII.  NEGLIGENCE

19.     Plaintiff contends that Defendants were also negligent. Defendants operated a store that was open to the public and that allowed and even encouraged patrons such as Plaintiff to walk along a sidewalk immediately in front of parking cars. Yet Defendants failed to include any warnings or physical protections for patrons against such cars. As such Defendants failed to do that which a person of ordinary prudence would have done under the same or similar circumstances, and such failure was a proximate cause of Plaintiff's injuries and damages.

## IX.  DAMAGES

20.     As a result of Defendants' conduct described above, Plaintiff suffered severe injuries and damages for which she seeks compensation in this suit. Plaintiff's damages include at least the following categories of damages:

        a.  Medical expenses incurred in the past and in reasonable probability to be incurred in the future;

        b.  Physical pain and mental anguish incurred in the past and in reasonable probability to be incurred in the future;

      c.  Disfigurement incurred in the past and in reasonable probability to be incurred in the future; and

      d.  Physical impairment incurred in the past and in reasonable probability to be incurred in the future.

21.    Plaintiff seeks recovery of these and all other damages allowed by law.

## X.    REQUEST FOR DISCLOSURE

22.    Pursuant to Rule 194, you are requested to disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2 (a)-(l).

## XI.    DOCUMENTS TO BE USED

23.    Pursuant to Tex. R. Civ. P. 193.7, Plaintiffs intend to use all documents exchanged and produced between the parties including, but not limited to, correspondence and discovery responses during the trial of the above-entitled and numbered cause.

## XII.    JURY DEMAND

24.    Plaintiff requests a trial by jury and hereby tender the requisite fee.

## XIII.  PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff pray that Defendants be cited to appear and answer and that upon final trial of this cause, Plaintiffs recover as follows:

      a.  Medical expenses incurred in the past and in reasonable probability to be incurred in the future;

      b.  Physical pain and mental anguish incurred in the past and in reasonable probability to be incurred in the future;

      c.  Disfigurement incurred in the past and in reasonable probability to be incurred in the

future; and

d.  Physical impairment incurred in the past and in reasonable probability to be incurred

in the future;

e.  pre-judgment and post-judgment interest as allowed by law;

f.  costs of court; and

g.  all other relief the Court deems appropriate.

Respectfully submitted,

By: /s/ Derek Gilliland

**DEREK GILLILAND**
TX State Bar No. 24007239
derek@soreylaw.com
**R. DANIEL SOREY**
TX State Bar No. 24041957
dan@soreylaw.com
**JOHN HULL**
TX State Bar No. 24050791
john@soreylaw.com
**SOREY, GILLILAND & HULL, LLP**
109 W. Tyler
Longview, TX 75601
Telephone: (903) 212-2822
Facsimile: (903) 212-2864

**ATTORNEYS FOR PLAINTIFF**
**STACY DIONNE STENSON**